UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM CURRY JR,

                Plaintiff,

      v.

KEVIN COE,

                Defendant.

CASE NO. C13-5648 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MARCH 13, 2015

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

       Currently before the Court is plaintiff's renewed motion for default judgment (Dkt. 44). The Court recommends denying plaintiff's motion as plaintiff fails to show that the merits of his claim warrant entry of default judgment.  Further, plaintiff fails to show that he is entitled to the damages requested.  The Court recommends dismissal of this action.

1

FACTS

2       Plaintiff is a resident at the Special Commitment Center located on McNeil Island.

3 Plaintiff alleges that in September of 2012, his room was searched.  Plaintiff alleges that the

4 search was based on written accusations from another resident who fabricated information (Dkt.

5 15).  Plaintiff alleges that the false information included the accusation that plaintiff had male

6 pornography on his computer and was selling the pornography to other residents (Dkt. 15, p. 7).

7 Plaintiff does not identify defendant Coe as the informant in his amended complaint (Dkt. 15).

8       Plaintiff alleges that officials at the Special Commitment Center seized his computer

9 based on the false information (Dkt. 15, p. 8).  Plaintiff alleges that there was no pornography on

10 his computer, but officials at the Special Commitment Center "made a big deal about a Norman

11 Rockwell card" that came with his windows program (Dkt. 15, p. 9).  Officials at the Special

12 Commitment Center refused to return his computer.  Plaintiff alleges that the officials told him to

13 send his computer out of the facility (Dkt. 15, p. 9, ¶ 37).  Plaintiff asks for unspecified punitive

14 and monetary damages (Dkt. 15, p. 12).

15

PROCEDURAL HISTORY

16       Plaintiff filed this action in July of 2013.  Plaintiff named six defendants in his amended

17 complaint (Dkt. 1).  Five of the defendants, who are state employees, appeared and filed an

18 answer to plaintiff's first amended complaint (Dkt. 13 and 17).  Plaintiff and these five

19 defendants entered into a stipulated dismissal that was adopted by the Court (Dkt. 19 and 24).

20 The parties did not place the terms of the settlement agreement into the record.

21       The remaining defendant, Kevin Coe, is not a state employee.  Defendant Coe did not

22 appear in this action.  On January 1, 2014, the Court entered an order to show cause that directed

23 plaintiff to take action (Dkt. 21).  In that order the Court noted that the record reflected that

24

1    plaintiff had served defendant Coe with a copy of the complaint.  The Court also noted that the

2    amended complaint is devoid of any facts showing how defendant Coe violated any right or duty

3    owed to plaintiff (Dkt. 21, p. 1-2.).  Further, the Court noted that the amended complaint is

4    devoid of facts showing how this defendant acted under color of state law (*id*.).

5         Plaintiff responded to the Court's order arguing that he had done his own investigation

6    and "found out that defendant Coe was the informant turning in the false information." (Dkt. 22,

7    p. 2).  Plaintiff did not include this allegation in his amended complaint (Dkt. 15).  Plaintiff also

8    states that defendant Coe violated plaintiff's equal protection and due process rights by

9    submitting false information (Dkt. 22.).  Plaintiff alleges that defendant Coe entered into a

10   conspiracy to deprive him of his rights, but he provides no evidence showing any persons entered

11   into an agreement with defendant Coe to violate plaintiff's rights (Dkt. 22.).

12        Plaintiff also filed a motion for default against Defendant Coe (Dkt. 23).  The Court

13   entered default on March 6, 2014 (Dkt. 25).  Plaintiff did not file for default judgment and on

14   May 16, 2014, the Court entered a second order to show cause (Dkt. 26).

15        Plaintiff filed a motion for default judgment.  On July 14, 2014, the Court recommended

16   denying plaintiff's motion because plaintiff failed to show that he was entitled to a sum certain,

17   plaintiff also failed to show that he is entitled to default judgment, and plaintiff failed to provide

18   evidence to support the amount of damages that he sought (Dkt. 32).

19        On September 3, 2014, the Court adopted the Report and Recommendation (Dkt. 36).

20   Plaintiff filed a notice of appeal (Dkt. 37).  The Ninth Circuit denied the appeal for lack of

21   jurisdiction and entered its mandate on November 21, 2014 (Dkt. 46).  Plaintiff then filed this

22   second motion for default judgment (Dkt. 44).

23   //

24

REPORT AND RECOMMENDATION - 3

1 | DISCUSSION

2 | A.      Entry of default judgment.

3 | Normally, entry of default is all that is needed to establish liability because well pled

4 | allegations in the complaint are accepted as true. *TeleVideo Systems. Inc. v. Heidenthal*, 826 F.

5 | 2d 915, 917 (9th Cir. 1987).  But a court is granted considerable leeway under Fed. R. Civ. P. 55

6 | as to what it requires as a prerequisite for entering default judgment (*id.*).  Here, plaintiff's

7 | allegations are not well pled and plaintiff needs to establish both liability and prove the amount

8 | of damages he claims defendant Coe owes.

9 | The Court considers a number of factors in deciding whether or not to enter default

10 | judgment.  These factors are: (1) the possibility of prejudice to plaintiff; (2) the merits of

11 | plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake;

12 | (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

13 | excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

14 | favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

15 | B.      The merits of plaintiff's substantive claim and sufficiency of the complaint.

16 | Well pled facts in the amended complaint are accepted as true when a court considers a

17 | motion for default judgment. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th

18 | Cir. 1992) (*citing Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir.1986) *cert. denied*, 484 U.S. 870,

19 | 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).  "However, necessary facts not contained in the

20 | pleadings, and claims which are legally insufficient, are not established by default."  Cripps 980

21 | F.2 at 1267 (*citing  Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978).

22 | To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1)

23 | defendant must be a person acting under the color of state law; (2) the person's conduct must

24 |

1   have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of

2   the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other

3   grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation. *See Mt. Healthy*

4   *City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d

5   1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).  When a plaintiff fails to

6   allege or establish one of the three elements, his complaint must be dismissed.  That plaintiff

7   may have suffered harm, even if due to another's negligent conduct does not in itself necessarily

8   demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344,

9   106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights

10  violations are not sufficient.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

11      In the amended complaint, plaintiff alleges that an informant provided false information,

12  but he does not identify defendant Coe as the informant (Dkt. 15, p. 7, ¶ 29).  This is a necessary

13  fact because it links defendant Coe to the alleged violations of plaintiff's rights. Even giving

14  plaintiff's amended complaint a liberal interpretation, the Court cannot supply missing facts.

15  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*citing Ivey v. Board of Regents of Univ. of*

16  *Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).  Accordingly, plaintiff's amended complaint (Dkt.

17  15), fails to state a claim against the only remaining defendant.  Plaintiff fails to show an

18  entitlement to default judgment.

19      Further, even if the Court supplied essential facts and assumed that defendant Coe was

20  the informant, as stated by plaintiff in a subsequent pleading, plaintiff fails to show that

21  defendant Coe acted under color of state law.  A person has acted under color of state law where

22  he has "exercised power 'possessed by virtue of state law and made possible only because the

23  wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988).

24

1   Informants are not acting authority of the state unless they are actually agents of the state.

2   Plaintiff makes no allegation that defendant Coe acted under color of state law when he made the

3   statements that plaintiff attributes to him.  Further, plaintiff makes no allegations that defendant

4   Coe acts as an agent for the state. However, plaintiff very briefly mentions the term "conspiracy"

5   in his amended complaint (Dkt. 15, p.12 Section (e) of the prayer for relief).

6        Where a private party conspires with state officials to deprive others of constitutional

7   rights, the private party is acting under color of state law.  *See Tower v. Glover*, 467 U.S. 914,

8   920 (1984); D*ennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Crowe v. County of San Diego*, 608

9   F.3d 406, 440 (9th Cir. 2010).  To establish a prima facie claim of a conspiracy plaintiff's facts

10  must set forth "an agreement or meeting of the minds" to violate constitutional rights. *Crowe*,

11  608 F.3d at 440 (citing *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th

12  Cir.1999).  Plaintiff fails to allege any facts showing that there was any agreement or meeting of

13  the minds between the informant and state officials (Dkt. 15).  Plaintiff's statement regarding a

14  conspiracy is a conclusory statement in his prayer for relief with no supporting facts.  Plaintiff

15  fails to show that defendant Coe acted under color of state law.  Accordingly plaintiff has failed

16  to prove that he is entitled to entry of default judgment. The Court has given plaintiff the

17  opportunity to provide this information by affidavit or declaration in his current motion (Dkt. 32

18  and 36).

19       Plaintiff's motion and affidavit repeat his conclusory allegations without providing any

20  evidence showing that defendant Coe is the informant (Dkt. 44 and 45).  Accordingly, the Court

21  recommends denial of entry of default judgment and dismissal of this action.

22  //

23  //

24

C.      Damages.

In his original motion for default judgment plaintiff demanded damages in the amount of nine thousand eight hundred dollars ($9800), plus interest in the amount of one thousand five hundred dollars ($1500), and costs in the amount of one thousand five hundred dollars ($1500), or damages determined in a proof hearing (Dkt. 29, p. 2). The District Court denied the motion without prejudice because plaintiff failed to support his claim for damages (Dkt. 36).  The Report and Recommendation the Court adopted noted that a formal hearing to determine the amount of damages is not required in every case and the Court has discretion to determine whether or not to conduct a hearing. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir 2008). The Court also noted that a "prove up" hearing can be conducted on affidavits (Dkt. 32, p. 3).  The Court noted that plaintiff failed to show either that he was seeking sum certain or that he was entitled to default judgment (Dkt. 32, p. 4). The Court provided plaintiff with notice that he needed to submit affidavits or declaration that set forth details showing a viable cause of action and details showing how he arrived at the monetary amounts owed him (Dkt. 32).  Plaintiff's renewed motion does not address plaintiff's claim for damages (Dkt, 44 and 45).  The Court recommends dismissal of this action.

CONCLUSION

The Court recommends denial of plaintiff's motion for entry of default.  The Court recommends dismissal of this action with prejudice based on failure to establish either an entitlement to default judgment or an amount of damages.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

1  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3  March 13, 2015, as noted in the caption.

4

5       Dated this 13th day of February, 2015.

6

7                                                     J. Richard Creatura
                                                      United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24